UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PROPERTY CHOICE GROUP, INC.,

     Plaintiff,

v.                                   CASE NO.: 8:12-cv-1042-T-23MAP

LASALLE BANK NATIONAL
ASSOCIATION, et al.,

     Defendants.

_____/

## ORDER

     Seeking to invalidate a mortgage and to quiet title, Property Choice Group (Property Choice) sued the defendants in state court. Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-8 (the WaMu Trust); Mortgage Electronic Registration Systems, Inc. (MERS); and U.S. Bank National Association (U.S. Bank) (a party not named in the complaint) remove. Alleging that the defendants (collectively "the mortgagees") fail to invoke subject matter jurisdiction or to unanimously consent to removal, Property Choice moves (Doc. 8) to remand.

     The mortgagees invoke diversity jurisdiction under 28 U.S.C. § 1332, which requires that the mortgagees establish diversity of citizenship and the requisite amount in controversy. Because Property Choice resides in Florida, the mortgagees' uncontested allegation that U.S. Bank, the WaMu Trust, MERS, and LaSalle Bank

National Association (LaSalle) (another named defendant) each reside outside

Florida establishes diversity of citizenship.  When a plaintiff seeks declaratory relief,

the value of the relief sought determines the amount in controversy.  *Shannon v.

Enterprise Rent A Car*, 279 F.3d 967, 973 (11th Cir. 2002).  Property Group seeks to

invalidate a $272,000 mortgage.  The value of the mortgage at issue, and thus the

amount in controversy, exceeds $75,000.

Because LaSalle fails to consent to the notice of removal, Property Choice

challenges the notice under the unanimity rule for removal jurisdiction.  A defendant

may remove without the consent of a nominal party.  *Nathe v. Pottenberg*, 931 F.

Supp. 822, 824 (M.D. Fla. 1995).  A nominal party includes a party with no legal

interest in the outcome of the action and a party in whose absence the plaintiff can

obtain sufficient relief.  *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and

Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir. 1970).  The mortgagees demonstrate

that Bank of America absorbed LaSalle in 2007.  (Doc. 13-1)  Subsequently, U.S.

Bank acquired Bank of America's interest in the mortgage.  (Doc. 13-2)  A defunct

entity with no interest in the mortgage at issue, LaSalle qualifies as a nominal party.

Also, Property Choice challenges U.S. Bank's participation in the removal

because Property Choice failed to name U.S. Bank as a defendant in state court.

U.S. Bank alleges that Property Choice sues LaSalle in error and that, as the WaMu

Trust's trustee and LaSalle's successor in interest, U.S. Bank holds the legally

recognizable interest in this action.  U.S. Bank's inclusion in the notice of removal

before formal joinder amounts to an inconsequential error.  Under Rule 21, Federal

Rules of Civil Procedure, the clerk is directed to add U.S. Bank as a defendant in this

action.

The plaintiff's motion (Doc. 8) to remand is **DENIED**.

ORDERED in Tampa, Florida, on July 2, 2012.

_____

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE